### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEGAN MCLAUGHLIN<br>5013 Hiffletrayer Rd.<br>Green Lane, PA 18054 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | No.: _____ |
| v. | : <br> : <br> : | |
| AFFINITY EMPOWERING, INC.<br>5400 Shawnee Rd. Suite 306<br>Alexandria, VA 22312 | : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendant. | : <br> : <br> : | |

### CIVIL ACTION COMPLAINT

Meghan McLaughlin (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Affinity Empowering, Inc. (hereinafter referred to as "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 200(d) *et seq*.), the Pregnancy Discrimination Act ("PDA"), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. Plaintiff intends to amend her complaint to include claims pending before the Pennsylvania Human Relation Commission ("PHRC") once such claims are fully and administratively exhausted. Plaintiff's PHRA claims will identically mirror her Title VII/PDA claims asserted herein.

1

redress for violations of federal laws. This Court has supplemental jurisdiction over Plaintiff's future state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact as her federal claims.

3.      This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1392(b)(2), venue is properly laid in the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

5.      Plaintiff is proceeding herein after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Defendant Affinity Empowering, Inc. (*hereinafter* "Defendant Anywhere") is a life science, health services, and technology company that services health plans, providers, employers, and individuals throughout the United States, including in Pennsylvania.

2

9.      At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.      Plaintiff is a female.

12.      At the time of her termination from Defendant (discuss further *infra*), Plaintiff was approximately 3 months pregnant.

13.      Plaintiff was hired by Defendant on June 28, 2021, as the Director of Business Development.

14.      From the moment Plaintiff was hired, she was reported to the Chief Administrative Officer, Steve Levine (hereinafter "Levine").

15.      Before being hired, Plaintiff discussed some concerns with Defendant's management pertaining to transitioning and coming on board because she needed stability.

16.      Plaintiff was reassured that her role would be long term and that Levine had hoped to groom her for his position, as he represented that he would eventually be retiring in roughly 5-7 years.

17.      From the very beginning of Plaintiff's employment with Defendant until the day that she was abruptly terminated (discussed *supra*), she performed her job very well, made great contributions to Defendant's business and was not subjected to any progressive discipline.

18.      In or about December of 2021, Plaintiff suffered an ectopic pregnancy and was hospitalized for a day.

19.    As an example of her dedication to her job with Defendant, Plaintiff continued to perform work while in the hospital, including answering emails and performing work-related tasks the following two days as scheduled.

20.    In or about January of 2022, some restructuring took place within Defendant and Plaintiff's colleague, Jonathan Lau (hereinafter referred to as "Lau") was made Vice President of Human Resources ("HR"), even though he had no HR experience.

21.    It was also decided that Defendant's HR department would report to Levine.

22.    In or about late February/early March of 2022, Defendant's owners decided that they wanted to transition the line of business that Plaintiff was working with to a competitor.

23.    While assisting Defendant in transitioning this aforesaid line of work to a business competitor, Plaintiff was continuously asked questions about HR and benefits, since she had more knowledge about these issues than Lau.

24.    Eventually, the aforesaid deal to sell the line of business that Plaintiff was working on to a competitor company fell through.

25.    Shortly thereafter, Defendant engaged in another deal with a different company to transition the book of business that Plaintiff was working on (rather than buy it). Plaintiff was involved again in helping this process run smoothly.

26.    On or about June 6, 2022, Plaintiff shared with Levine that she was pregnant.

27.    Plaintiff also informed Levine during this relevant period that she was experiencing a variety of complications with her pregnancy, such as severe nausea, vomiting, and other digestive issues and that she was placed on medication to help with her pregnancy-related complications.

28.    Despite Plaintiff's pregnancy and the complications associated with the same, she continued to perform her job exceptionally well.

29.     In or about late June of 2022, Levine informed Plaintiff that Defendant's HR department was going to be eliminated and that HR duties would be up to him to delegate.

30.     As a result of the foregoing, Lau was given 30 days' notice of his termination of employment and other benefits.

31.     As a result of changes occurring Defendant (discussed *supra*), Levine informed Plaintiff that he would be assigning her duties related to benefits, which would include 401(k) along with medical, dental, vision, ect… for employees within Defendant.

32.     Plaintiff was notified around this relevant time period (approximately July 7, 2022) that her position would be changed to Director, Corporation Administration, as she was being assigned new responsibilities and duties.

33.     Following this aforesaid notification of reassignment to a different position/title within Defendant, Levine and Plaintiff began to have meetings about the processes that were in place for benefits and other matters and how they could improve them.

34.     Plaintiff then began setting up meetings to start making necessary changes and improvements related to her new responsibilities and duties (discussed *supra*).

35.     Plaintiff was excited to take on more and new responsibilities in an area she knew fairly well (HR) because of her prior work experience.

36.     In or about mid-July of 2022, Plaintiff was notified by Levine that he had informed Defendant's President and CEO, Scott Storrer (hereinafter "Storrer") that she was pregnant.

37.     Levine also informed Plaintiff around this relevant time period (mid-July of 2022) that he advised Defendant's CFO, Shirley Xue, of her pregnancy as well.[2]

---

[2] Plaintiff learned after her termination that Lau was also aware of her pregnancy.

38.     Following her conversation with Levine wherein he indicated that he had informed Storrer and Xue of her pregnancy, Plaintiff started to observe her work environment and duties changing.

39.     For example:

   i.   The HR duties and contracting duties for another division that Plaintiff had also been assigned as part of her new job duties began to be taken away from her and given to other employees; and

   ii.  All the preparation and planning Plaintiff had done to implement changes and perform her new job duties (discussed *supra*) was suddenly and abruptly stripped from her.

40.     On or about July 24, 2022, Plaintiff was given a cautionary warning by Levine that her employment was being terminated.

41.     Plaintiff asked Levine how much notice she was being given and he informed Plaintiff that the official notice would be given to her on Monday, July 25, 2022.

42.     In the morning of July 25, 2022, Plaintiff received a letter from Lau (sent on behalf of Levine) to her personal email.

43.     The letter stated that Plaintiff's position of Director, Corporate Administration was being discontinued (just three weeks after receiving this job title/position) and as a result, her employment with Defendant was ending.

44.     The letter also stated that the company looked elsewhere in the organization to try and find a fit but was unable to (which Plaintiff believes is completely false and merely a fabricated story to try to conceal Defendant's discriminatory motives for her termination).

45.    Plaintiff was then offered one week of severance pay to release any and all claims she may have had against Defendant.

46.    Upon information and belief, Defendant has offered male employees significantly more notice and severance than Plaintiff was given or offered.

47.    Plaintiff did not accept Defendant's severance offer.

48.    Plaintiff believes and therefore avers that Defendant terminated her employment in violation of Title VII/the PDA.

## COUNT I
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pregnancy Discrimination Act ("PDA")
### (Gender/Pregnancy Discrimination)

49.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50.    Based on the foregoing, Plaintiff believes that her gender and/or pregnancy were motivating or determinative factors in Defendant's decisions to [1] terminate her employment; and/or [2] not offer her the same or similar notice period or severance package as her male colleagues.

51.    These actions as aforesaid constitute violations of Title VII/the PDA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

7

C.      Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F.      Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.


                                    Respectfully submitted,

                                    **KARPF, KARPF & CERUTTI, P.C.**


                          By:    _____
                                    Ari R. Karpf, Esq.
                                    3331 Street Rd.
                                    Two Greenwood Square, Suite 128
                                    Bensalem, PA 19020
                                    (215) 639-0801

Dated:  October 30, 2023

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

|  |  |  |
|---|---|---|
| Megan McLaughlin | : | CIVIL ACTION |
| v. | : |  |
|  | : |  |
| Affinity Empowering, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                         ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                         ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            (X )

| 10/30/2023 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _5013 Hiffletrayer Road, Green Lane, PA 18054_____

Address of Defendant: _5400 Shawnee Road, Suite 306, Alexandria, VA 22312_____

Place of Accident, Incident or Transaction: _Defendant's place of business_____

---

***RELATED CASE, IF ANY:***

Case Number: _____      Judge: _____      Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?          Yes [ ]      No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?          Yes [ ]      No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?          Yes [ ]      No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?          Yes [ ]      No [X]

I certify that, to my knowledge, the within case [ ] **is** / [X] **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/30/2023_____      _____      ____ARK2484 / 91538____
                                    *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.      Federal Question Cases:*

- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
  *(Please specify): _____*

*B.      Diversity Jurisdiction Cases:*

- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify): _____*
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
  *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Ari R. Karpf_____ , counsel of record *or* pro se plaintiff, do hereby certify:

[X]    Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ]    Relief other than monetary damages is sought.

DATE: __10/30/2023_____      _____      ____ARK2484 / 91538____
                                    *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MCLAUGHLIN, MEGAN

**(b)** County of Residence of First Listed Plaintiff     Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

AFFINITY EMPOWERING, INC.

County of Residence of First Listed Defendant     Fairfax
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | **IMMIGRATION** | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000)

Brief description of cause:
Violations of the Title VII, PDA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE    10/30/2023

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

Print    Save As...    Reset